UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
RENE R. ALEMAN,

         Plaintiff,

   -against-

BAYSHORE UNION FREE SCHOOL DISTRICT,

         Defendants.

----------------------------------------------------------X

**MEMORANDUM OF DECISION AND ORDER**
08-CV-1527 (ADS)(ARL)

**APPEARANCES:**

**Paul L. Dashefsky, Esq.**
Attorney for the Plaintiff
317 Middle Country Road
Smithtown, NY 11787

**Cruser Mitchell & Novitz, LLP**
Attorney for the Defendant
175 Pinelawn Road Suite 301
Melville, NY 11747
  By: Keith V. Tola, Esq.
    Rondiene Erin Novitz, Esq., Of Counsel

**SPATT, District Judge**.

  Presently before the Court is a motion by the Bayshore Union Free School District ("the Defendant") to set aside a July 17, 2009 discovery Order entered by United States Magistrate Judge Arlene R. Lindsay. For the reasons that follow, the Defendant's motion is denied.

**I. BACKGROUND**

On November 13, 2007, Rene R. Aleman ("the Plaintiff") and three friends were at a mall in Bay Shore, New York when they were allegedly confronted by a group of African-American students who taunted them with racial epithets. An altercation ensued between the two groups but no arrests were made. The following day, the African-American students complained about the altercation to Corey Swinson, the head of security at Bay Shore High School.

Swinson then interviewed the Hispanic students, including the Plaintiff, and concluded that they were members of MS-13, a violent street gang. Although the Hispanic students admitted that they were involved in the altercation, each of them denied that they were members of MS-13. Nevertheless, after a Superintendent's Hearing before Hearing Officer Robert Torres, the Plaintiff was suspended from school for a period of five days for violating a section of the Defendant's Code of Conduct that prohibited gang affiliation. The Plaintiff claims, among other things, that he was subject to disparate treatment on the basis of his race and national origin.

On March 17, 2009, the Plaintiff filed a letter motion seeking to compel certain discovery responses. In particular, the Plaintiff demanded that the Defendant:

> 1. Identify and describe each and every incident of gang affiliation or gang activity in the Defendant School District for the past five years, involving students or any other individuals, that was deemed by the Defendant to be in violation of any rule, regulation, statute, or Code of Conduct applicable to the Defendant and/or students attending the Defendant School District.

> 2. For the past five years, identify each and every one of
> Defendant's students whom disciplinary charges were brought
> while enrolled in middle school or high school and indicate and
> identify for each such charge: (a) the date; (b) the student against
> whom charges were brought; (c) the national origin and ethnicity
> of the student against whom charges were brought; (d) the details
> and specifics of the charge; (e) penalty imposed against the student
> as a result of the charges brought.

Although the Defendant objected to these demands, it did provide two charts. One chart set forth the number of students suspended for gang related activity or affiliation between 2004 and 2008 and provided the national origin of each student and the length of the suspension they received. The second chart provided the number of middle school and high school students against whom disciplinary charges were filed and noted, among other things, the national origin of each student. However, the charts did not provide the factual details regarding the underlying conduct or the Code of Conduct provision that had been violated.

On April 29, 2009, the parties appeared before Judge Lindsay to address the Plaintiff's motion to compel. Judge Lindsay found that the charts provided sufficient detail but also determined that the Plaintiff was entitled to depose Torres in order to inquire about how the information contained in the charts was compiled. On July 6, 2009, 68 days after Judge Lindsay's ruling, the Plaintiff sought reconsideration of the April 29, 2009 Order. In particular, the Plaintiff requested that Judge Lindsay reconsider her decision not to require the Defendant to provide more detailed information about the conduct for which students had been suspended.

In an Order dated July 17, 2009, Judge Lindsay determined, after reviewing the charts a second time, that the Plaintiff should be entitled to "a description of the conduct that gave rise to the particular charges without reference to the names of the students involved or other identifying data." On July 27, 2009, the Defendant filed an objection to Judge Lindsay's July 17, 2009 Order, arguing that she erred in entertaining the Plaintiff's untimely motion for reconsideration of her April 29, 2009 Order.

## II. DISCUSSION

### A. Standard - Fed. R. Civ. P. 72

"A district court is only required to modify or set aside a magistrate judge's order on a nondispositive matter when it is 'clearly erroneous' or 'contrary to law'." Perri v. Doe, 06-CV-403, 2009 WL 2899563, at * 2 (E.D.N.Y. Sep. 9, 2009) (citing 28 U.S.C. § 636(b)(1)(A), and Fed. R. Civ. P. 72(a)). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." Id. (citing T.Z. v. City of New York, No. CV-05-5111, 2007 WL 2077730 at *4 (E.D.N.Y. July 18, 2007)).

### B. The Defendant's Objection

The Defendant does not raise a substantive objection to Judge Lindsay's July 17, 2009 Order. Instead, the Defendant argues that the July 17, 2009 Order should be set aside because the motion for reconsideration that prompted Judge Lindsay to

4

revisit her April 17, 2009 Order was untimely. The Court disagrees.

Local Rule 6.3 requires that motions for reconsideration "be served ten days after entry of the challenged determination." Grand River Enterprises Six Nations, Ltd. v. King, 02-CV-5068, 2009 WL 1739893, at *1 (S.D.N.Y. Jun. 16, 2009). In light of this ten-day limitation, Judge Lindsay could have dismissed the Plaintiff's motion for reconsideration as untimely. However, the Court finds no legal error in her decision to revisit her earlier ruling, even it was prompted by an untimely motion for reconsideration.

## III. CONCLUSION

It is hereby **ORDERED**, that the Defendant's Fed. R. Civ. P. 72 motion to set aside Judge Lindsay's July 17, 2009 Order is **DENIED**.

**SO ORDERED.**

Dated: Central Islip, New York
November 10, 2009

                                        */s/ Arthur D. Spatt*
                                               Arthur D. Spatt
                                       United States District Judge